**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **ARDIS ALLEN** | **CIVIL ACTION NO. 09-25-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN TIM WILKINSON** | **MAGISTRATE JUDGE HORNSBY** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Ardis Allen ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on January 5, 2009. Petitioner is incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court convictions and sentences. He names Warden Tim Wilkinson as respondent.

On July 29, 2004, Petitioner was convicted of one count of attempted armed robbery and two counts of aggravated battery in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On November 15, 2004, he was sentenced to 35 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence as to the attempted armed robbery conviction and ten years imprisonment at hard labor

as to each aggravated battery conviction. The trial court ordered the sentences to run concurrently.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel, (2) he was arrested without probable cause and illegally detained, (3) the evidence was insufficient to support his convictions, (4) the trial court denied his motion to suppress, and (5) the trial court allowed the State to present evidence of his confession which violated the best evidence rule.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the Court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on July 29, 2004 and sentenced on November 15, 2004. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on May 17, 2006. State v. Allen, 40,972 (La. App. 2 Cir. 5/17/06), 930 So.2d 1122. Petitioner then had "within thirty days of the mailing of the notice of the original judgment of the court of appeal" to make his application to the Supreme Court of Louisiana. La. Supreme Court Rule X, § 5(a). Since Petitioner did not seek writs of review in the Supreme Court of Louisiana, the plain language of 28 U.S.C. §

2244(d)(1)(A) established that AEDPA's one-year limitations period started to run on June 16, 2006, which is "the expiration of the time for seeking such review" 28 U.S.C. § 2244(d)(1)(A); see also Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

The federal petition currently before the Court was filed in this Court on January 5, 2009, mailed on January 2, 2009, and signed on December 30, 2008. Since the federal clock began ticking on June 16, 2006, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before June 16, 2007. This petition was not filed until December 30, 2008 at the earliest, more than one year too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on June 16, 2006 and continued until he filed his first state post conviction relief application in the trial court on May 21, 2007, encompassing approximately 339 days of the limitation period.[2] From that point, the limitation period was tolled until November 26, 2008, when the Supreme Court of Louisiana denied relief.[3] State ex rel. Allen v. State, 2008-0507 (La. 11/26/08), --- So.2d

---

[2] This Court will toll Petitioner's limitation period from May 21, 2007, the date that he signed his application for post-conviction relief, rather than from May 30, 2007, the date that his application for post-conviction relief was filed in order to give him every benefit of doubt.

[3] This Court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for

—, 2008 WL 5478023 (La.). Petitioner then had approximately 26 days, or until December 22, 2008, to file his federal petition for a writ of habeas corpus in this Court. Petitioner did not file his petition in this Court until December 30, 2008 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the

---

applications for post-conviction relief.

District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 11 day of February 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE